UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LISA L., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS (DOC. NO. 22)** <br><br> Case No. 2:24-cv-00562 <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Lisa L.[1] brought this action for judicial review of the decision of the Commissioner of the Social Security Administration partially denying her claim for disability benefits.[2] The Commissioner now moves to remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[3] Ms. L. agrees a remand is warranted, but she seeks remand with an immediate award of benefits.[4] Because Ms. L. has not shown the record fully supports a determination that she is disabled as a matter or law, or that additional factfinding would serve no useful

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to the plaintiff by first name and last initial only.

[2] (*See* Compl., Doc. No. 1.)

[3] (Def.'s Opposed Mot. to Remand for Further Admin. Proc. ("Mot."), Doc. No. 22.)

[4] (Pl.'s Resp. to Def.'s Mot. to Remand for Further Admin. Proc. ("Resp."), Doc. No. 24.)

purpose, the undersigned[5] recommends the district judge grant the Commissioner's motion and remand for further administrative proceedings.

BACKGROUND

Ms. L. applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act in May 2016.[6] Ms. L. alleges she became disabled in March 2016, and she was last insured for benefits under Title II on December 31, 2021.[7] In January 2019, an administrative law judge (ALJ) found Ms. L. not disabled.[8] The Appeals Council granted Ms. L.'s request for review and remanded for additional proceedings, directing the ALJ to further consider the opinion of her treating physician, Dr. Douglas Kasteler, and noting "[r]e-contact of Dr. Kasteler for clarification is warranted."[9]

On remand, in April 2020, the ALJ again found Ms. L. not disabled.[10] Ms. L. appealed to the district court, and the court remanded for further administrative

---

[5] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 8.)

[6] (*See* Certified Tr. of Admin. R. ("Tr.") 364, 371, 1727, Doc. No. 9.)

[7] (Tr. 1713–14, 1747–48.)

[8] (Tr. 189–200.)

[9] (Tr. 207–09.)

[10] (Tr. 1783–96.)

proceedings, finding the ALJ failed to explain why he did not recontact Dr. Kasteler pursuant to the Appeals Council's prior remand order.[11]

On second remand, in June 2024, a different ALJ found Ms. L. became disabled on November 22, 2022, but was not disabled before that date.[12] To qualify for disability insurance benefits under Title II, a claimant must establish she was disabled on or before her last insured date.[13] Because Ms. L.'s last insured date was December 31, 2021, and the ALJ found she was not disabled until November 22, 2022, the ALJ determined Ms. L. was not entitled to disability insurance benefits under Title II.[14] But the ALJ found she qualified as disabled for purposes of supplemental security income under Title XVI beginning on November 22, 2022.[15] (Ms. L. notes she is ineligible for supplemental security income on other grounds—due to her husband's VA disability payments—and, therefore, has not received any disability benefits despite the ALJ's partially favorable decision.)[16]

---

[11] (Tr. 1811–19.)

[12] (Tr. 1714, 1727.)

[13] 42 U.S.C. §§ 416(i)(3), 423(c)(1); *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).

[14] (Tr. 1727.)

[15] (*Id.*)

[16] (Resp. 5, Doc. No. 24.)

3

Ms. L. then brought this action for judicial review.[17] In her opening brief, Ms. L. argued the ALJ erred in the most recent decision by (1) failing to properly weigh Dr. Kasteler's opinion, (2) failing to adequately explain the mental residual functional capacity (RFC) findings, and (3) failing to properly evaluate her subjective symptoms.[18] The Commissioner then moved to remand for further proceedings.[19] Ms. L. responded, arguing remand for an immediate award of benefits is warranted,[20] and the Commissioner field a reply.[21]

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), federal district courts have "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[22] The statute is silent as to whether the judgment may include an award of benefits.[23] But the Tenth Circuit has concluded that when the Commissioner's

---

[17] (Compl., Doc. No. 1.)

[18] (*See* Opening Br., Doc. No. 14.)

[19] (Mot., Doc. No. 22.)

[20] (Resp., Doc. No. 24.)

[21] (Def.'s Reply in Further Supp. of the Opposed Mot. to Remand for Further Admin. Proc. ("Reply"), Doc. No. 25.)

[22] 42 U.S.C. § 405(g).

[23] *See id.*

decision is reversed on appeal, "it is within [the] court's discretion to remand either for further administrative proceedings or for an immediate award of benefits."[24]

Courts consider several factors when determining whether to award benefits, including "the length of time the matter has been pending," and if, "given the available evidence, remand for additional fact-finding would serve [any] useful purpose" or "merely delay the receipt of benefits."[25] When awarding benefits, courts may also consider a claimant's advanced age (which subjects the Commissioner to higher standards), and the Commissioner's failure to make required findings.[26] When "the record fully supports a determination" that a claimant is "disabled as a matter of law" and entitled to the benefits sought, reversal with an award of benefits is appropriate because "additional fact finding would serve no useful purpose."[27]

## ANALYSIS

The Commissioner argues this case should be remanded "for further evaluation and explanation of [Ms. L.'s] RFC, including further consideration of treating physician Dr. Kasteler's medical opinion and [Ms. L.'s] reported symptoms."[28] The Commissioner acknowledges the ALJ, in the most recent decision, failed to apply the correct legal

---

[24] *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).

[25] *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (alteration in original) (citation omitted).

[26] *See, e.g.*, *Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).

[27] *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) (citation omitted).

[28] (Mot. 6, Doc. No. 22.)

standards in evaluating Dr. Kasteler's opinion.[29] Specifically, the ALJ applied the regulations governing claims filed on or after March 27, 2017, which require evaluation of the persuasiveness of medical opinions—without assigning any opinions controlling weight.[30] But because Ms. L.'s claims were filed before March 27, 2017, the applicable regulations require the ALJ to assign weight to medical opinions, including controlling weight to a treating source's opinion if certain conditions are met.[31] While acknowledging this legal error requires reversal, the Commissioner argues the appropriate remedy is remand for further proceedings to allow the ALJ to evaluate Dr. Kasteler's opinion under the correct legal standards.[32] The Commissioner also asserts the record contains conflicting evidence regarding Ms. L.'s functioning which the ALJ should assess in the first instance.[33]

Ms. L., on the other hand, argues remand for an immediate award of benefits is warranted.[34] As Ms. L. explains, her claim has been pending since spring 2016 and has been appealed in federal court twice, with three ALJ decisions.[35] She notes her claim involves a closed period of disability where the record is fully developed, and no new

---

[29] (*See* Reply 2, Doc. No. 25.)

[30] (*See* Tr. 1723–24); 20 C.F.R. § 404.1520c(a).

[31] *See* 20 C.F.R. § 404.1527.

[32] (*See* Mot. 6, Doc. No. 22; Reply 2, Doc. No. 25.)

[33] (*See* Mot. 6–7, Doc. No. 22.)

[34] (Resp., Doc. No. 24.)

[35] (*Id.* at 5.)

medical evidence need be considered.[36] Ms. L. also contends no evidence in the record "casts any serious doubt on [her] disability."[37] Finally, if the case is remanded for further proceedings, Ms. L. asks the court to instruct the agency to label her case "critical" under HALLEX I-2-1-40 in order to expedite a hearing.[38] The Commissioner opposes this request, arguing the court should not sidestep agency procedures for determining whether a case is "critical."[39]

      Ms. L. has not demonstrated remand for an immediate award of benefits is appropriate here. The Tenth Circuit has made clear that evaluation of medical opinion evidence, including assigning controlling or other weight to an opinion, is the province of the ALJ, not the court.[40] The Commissioner accurately notes the record contains conflicting medical opinion evidence (and other evidence) regarding Ms. L.'s impairments and functioning—including opinions from state agency consultants finding only moderate mental limitations and nonsevere physical impairments.[41] Given the conflicting evidence, Ms. L. has not shown the record "fully supports a determination"

---

[36] (*Id.*)

[37] (*Id.* at 4.)

[38] (*Id.* at 6); HALLEX I-2-1-40, 2004 WL 3389613 (describing procedures for determining "a case is 'critical' and requires special expedited processing").

[39] (Reply 3, Doc. No. 25.)

[40] *See Winick v. Colvin*, 674 F. App'x 816, 821 (10th Cir. 2017) (unpublished) ("The weighing of such factors [for assigning weight to medical opinions] is the ALJ's job, not [the court's].").

[41] (*See* Mot. 6–7, Doc. No. 22; Tr. 134–35, 139–40, 165–66, 169–70.)

that she is "disabled as a matter of law," or that "additional fact finding would serve no useful purpose."[42]  Rather, further proceedings are necessary for the ALJ to evaluate and weigh the medical opinion evidence (and other evidence) under the proper legal framework.  Accordingly, this case must be remanded for further proceedings rather than an immediate award of benefits.

As for Ms. L.'s request to label her case "critical," agency procedures describe specific circumstances meriting a "critical" designation—and Ms. L. does not argue any of these circumstances apply to her.[43]  Therefore, an instruction to label this case as "critical" under HALLEX I-2-1-40 is unwarranted.  Nevertheless, some level of expedited treatment is merited based on the extraordinary length of time Ms. L.'s claims have been pending (nine years).  Therefore, the undersigned recommends the Commissioner be instructed to expedite Ms. L.'s case.  This recommendation is not intended to require the Commissioner to apply the specific scheduling procedures for "critical" cases to Ms. L.'s case,[44] but the Commissioner should take reasonable steps to expedite it.

---

[42] *Sorenson*, 888 F.2d at 713 (citation omitted).

[43] *See* HALLEX I-2-1-40(A), 2004 WL 3389613 (describing seven specific situations meriting a "critical" designation, such as terminal illness, homelessness, and dire need).

[44] *See* HALLEX I-2-1-40(C)(4), 2004 WL 3389613 ("The scheduling employee will schedule critical cases in the first available open hearing slots after checking representative and expert witness availability for hearings (if applicable).  If previously scheduled hearing slots become available due to cancellation or rescheduling, the slots will be offered to claimants with cases designated as critical.").

RECOMMENDATION

The undersigned RECOMMENDS the district judge GRANT the Commissioner's motion to remand,[45] reverse the Commissioner's decision, and remand this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The undersigned further recommends the Commissioner be instructed to expedite Ms. L.'s case in light of the extraordinary length of time her application has been pending. The parties have the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[46]

DATED this 6th day of May, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[45] (Doc. No. 22.)

[46] See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).